## BALTIMORE CITY COURT.

Filed June 23, 1927.

RYAN CONSTRUCTION COMPANY
VS.
WM. C. DORSEY.

*Edward L. Ward* and *Edwin W. Wells* for plaintiff.

*Charles Lee Merriken* for defendant.

FRANK, J.—

At the trial of the case no evidence was offered of a sufficient writing, signed by the defendant, to take the case out of the 17th Section of the Statute of Frauds, as re-enacted in modified form by the provisions of Section 25 of Article 83, of the Annotated Code. The plaintiff, therefore, had upon it the burden of showing the receipt and acceptance of the defendant if some portion of the goods claimed to have been sold under the oral contract of sale. The testimony developed that there was more than one such contract between the parties. There was no presumption that the small amount of lumber claimed to have been delivered by plaintiff and received and accepted by defendant was so delivered and accepted under the contract involved herein, rather than under one or more of the other sales. The burden was upon the plaintiff to show that such delivery and acceptance were of lumber covered by such contract. There was no direct evidence on that point. For this reason, I directed the jury to render a verdict in favor of the defendant.

At the hearing upon the motion for a new trial, plaintiff discussed the effect of the acceptance by the defendant of the check of June 29, 1922, for $500.71, which stated on its face that it was "In payment of a/c as per our letter of this date." Both the check and letter therein referred to are in evidence in the case. The letter of June 29th, which accompanied the check of that date, and which is thus by reference incorporated in the accepted check, provided that the said check was "in payment of your bill of June 1st, covering delivery from April 24th to May 31st, of lumber under our contract with you as per our letter to you of April 19, 1922, and also miscellaneous lumber." The contract mentioned in the letter of April 19, 1922, was the oral contract sued on in this case.

After careful consideration, I cannot but reach the conclusion that the acceptance and use by the defendant of a check clearly designated as being in part payment for lumber delivered under the disputed contract amounted prima facie to an admission of delivery and acceptance of some goods sold under such contract and, as such, should be submitted to the jury as evidence of the receipt and acceptance by the defendant of "part of the goods or choses in action so contracted to be sold."

(Sec. 25, of Article 83, supra.)

The motion for a new trial is accordingly granted.